the year 1891 the claimant, at the request and for the benefit of the testator, paid certain demands against him, and satisfied various obligations which the testator himself was not able to meet. The various items of such payments are quite satisfactorily established by the evidence in the case, and the claimant is entitled to be reimbursed therefor out of the estate. A careful consideration of all the proof relating to these various items shows that the total amount of such items is the sum of $105.92. It appears from the account filed that the claimant has received thereon September, 1892, $40 cash, and August, 1893, one-eighth acre of land, of the value of $10; making the total credits $50, and leaving a balance due and unpaid to the claimant against the estate of Harmon Stewart, deceased, of $55.92. It also satisfactorily appears that after the death of his father the claimant incurred certain expenses in the support and maintenance of his mother, the items of which are quite satisfactorily established by the evidence, and amount in all to the sum of $97.75, upon which there has been $3 paid, leaving a balance due and owing to the claimant against the estate of Rosanna Stewart of $94.75.

A decree will be entered in accordance with the foregoing conclusions. Decreed accordingly.

---

(21 Misc. Rep. 417.)

### In re HITCHLER'S ESTATE.

(Surrogate's Court, Erie County. October, 1897.)

1. ADMINISTRATORS—CITATION TO PAY CLAIM—WAIVER.

Although, under Code, § 2722, when a petition is presented in the surrogate's court for a decree directing an administrator to pay a petitioner's claim, a citation should be served upon the administrator to show cause why the decree should not be made, yet, if the administrator appears in the proceedings without being thus served, he will be deemed to have waived his right thereto.

2. SAME—PARTIES ENTITLED TO COMPLAIN.

In a proceeding to compel an administrator to pay a claim against the estate, under Code, § 2722, if the administrator waives his right to a citation to show cause, the proponents of decedent's will, not being entitled to a citation, cannot complain.

3. SAME—TEMPORARY ADMINISTRATORS.

Code, § 2722, providing for the citation of an executor or administrator to show cause why a claim against the estate should not be decreed to be paid, includes temporary administrators.

4. SAME—WIDOW'S CLAIM FOR SUPPORT.

Under Code, § 2722, the surrogate may decree in favor of the claim of decedent's widow, who, being entitled to a share of the property under his will, is nevertheless contesting the validity of the latter, and prays for money for her maintenance till the contest is decided; such decree, however, to be conditional upon the filing of a bond by her as required by Code, § 2723.

5. SAME—AMOUNT OF DECREE.

If the testamentary provision for the widow of decedent is the income of a trust fund, the decree for her maintenance, pending the contest of the will, should be limited to the present earning capacity of such fund, with arrears for the amount so earned up to the date of the decree.

**6. SAME.**
> The total amount advanced to a widow for her support during contest of
> her husband's will should be deducted from her share as next of kin, if the
> will is broken, or from her interest under the will, if it be sustained.

Proceedings by the widow of Henry Hitchler against his administrator for an allowance for her support. Allowance decreed.

Adelbert Moot, for petitioner.

James G. Smith (George Wadsworth, of counsel), for executors.

MARCUS, S. Henry Hitchler died in April, 1897, leaving a last will and testament, which has been duly presented for probate, and which is contested by the widow and one of the daughters of the deceased. The contest is still pending and undetermined. In July, 1897, the Fidelity Trust & Guaranty Company of Buffalo was appointed temporary administrator of the estate of said decedent. The widow of decedent now petitions for an allowance of $100 a month out of the estate for her support and maintenance, on the ground that she is in need of money for her support, and has no property except her interest in the estate. Under the will of Henry Hitchler, the petitioner was left a life estate in about $13,000 of personal property, and also the use for life of a house and lot, to cost not over $2,200, free of all expenses. This case seems to be a proper one for the exercise of the discretion reposed in the surrogate, and was so intimated by me on the hearing. If any relief is to be afforded, it must be granted under the authority of section 2723 of the Code, which contemplates the issuing of a citation, and upon the return of the same a decree may be made.

It is urged that the relief applied for cannot be granted upon a mere motion; that there must be a decree upon a citation, not an order on motion; and, further, that this section does not apply to temporary administrators. Section 2722 of the Code directs that the executor or administrator be cited to show cause why such a decree should not be made. While it is true that no citation was issued in this proceeding, and that the parties are in court on motion papers, yet the Fidelity Trust & Guaranty Company, the temporary administrator, appeared on this proceeding without objection, and must be deemed, therefore, to have waived any irregularity upon the question of a citation. The proponents of the will were not entitled to a citation, and cannot now be heard on the irregularity of the proceeding, to which those entitled make no objection. The temporary administrator alone was entitled to a citation. Rank v. Camp, 3 Dem. Sur. 278. The section must be held to include temporary administrators, since letters testamentary or letters of administration include temporary letters. In re McGowan, 124 N. Y. 527, 26 N. E. 1098. It is not entirely clear from the reported cases that the surrogate, under the conditions presented by this case, can make a decree directing payment for support during the progress of a contest, yet I am inclined to grant the relief; but the amount of $100 per month cannot be granted, since that would be arbitrarily fixing an amount. The rule seems to be that, where a provision in a will is the income of a trust fund, the limit is the amount earned by such fund at the time of the application for relief. An amount can be

allowed on the filing of a bond, to be paid to the petitioner, to be reckoned as a part of petitioner's share as next of kin, in case her contest should prove successful, and, in case it should fail, as a part of her interest under the will. The life interest of the petitioner may terminate at any time, and it would therefore seem safe to pay her such an amount as the sum of $15,200 would have earned up to the time of this application. Decreed accordingly.

---

(21 Misc. Rep. 429.)

### THOMPSON v. HOWD.

(Oneida County Court. October, 1897.)

1. SALES—ACTION FOR BREACH OF WARRANTY—SUFFICIENCY OF EVIDENCE.

   A purchaser of a house to be removed from the lot paid a person to examine the title. *Held*, in an action by the purchaser against the seller to recover the purchase money and damages, on the ground that defendant represented the property to be free from incumbrance, when there was a mortgage on it, plaintiff was not entitled to recover the money paid for the examination, in the absence of any evidence as to the value of the services rendered.

2. SAME—ACTION TO RECOVER PRICE PAID—SUFFICIENCY OF EVIDENCE.

   In an action by the purchaser of a house to be removed from the lot on which it stood, against the seller, to recover purchase money paid and damages, on the ground that defendant represented that the premises were not incumbered, it appeared that defendant made such representation, and that the record showed there was a mortgage on the property. One of the owners of the mortgage testified that it was not paid in full, and that it was a lien on the property, "subject to the right of defendant to sell this house in question." *Held*, that a judgment for plaintiff was not sustained by the evidence.

Appeal from justice court.

Action by Louisa Thompson against Julia Howd, in justice's court, to recover the purchase money paid for a house sold by defendant to plaintiff, to be removed from the lot on which it stood, and damages. Plaintiff agreed to pay $25 for the house, and paid $12 on account at the time of the purchase. She afterwards procured a person to examine the title, and agreed to pay him $8 therefor. She claimed that defendant represented that there was no mortgage or incumbrance on the house, and that, on examination of the title, it was found to be incumbered by a mortgage. From a judgment in favor of plaintiff for the $12 paid on account and the $8 which plaintiff had agreed to pay for examination of title, defendant appeals. Reversed.

Charles R. Coville, for appellant.
George F. Morss, for respondent.

DUNMORE, J. No evidence whatever was given as to the value of the services of Mr. Morss in examining the title. Very likely they were worth the amount charged, but the fact was not proven. Plaintiff testified that she had agreed to pay $8, but that did not establish their value. Even upon plaintiff's theory, defendant was liable only for the value of those services, and the burden to prove their value was upon the plaintiff. Supposing plaintiff had agreed to pay $100,